Joseph Jacobs, Esq. Corporation Counsel, Amsterdam
You have asked whether a county sheriff may also serve as a city police chief.
We have said that a municipality may contract with a county for additional county police services (Inf Opns Nos 81-62 and 81-89, copies enclosed). However, we believe a proposal to give a county sheriff the duties and responsibilities of a city police chief is prohibited by the State Constitution. Article XIII, § 13(a) provides: "Sheriffs shall hold no other office." In People ex rel. v Nostrand, 46 N.Y. 375, 381
(1871), the Court of Appeals gave full effect to the prohibition of section 13(a) (then Art 10, § 1) by broadly construing the term "office" — "It is a public employment for which the incumbent receives compensation." The Court held that a sheriff could not simultaneously serve in the office of county highway commissioner. Likewise, on the basis of section 13(a) (then Art 9, § 5), we said that a sheriff may not serve as a notary public (1959 Op Atty Gen 88). The one exception to this restriction was recognized in Pearce vStephens, 18 App. Div. 101 (2d Dept, 1897) affd 153 N.Y. 673 (1897), in which a sheriff was permitted to serve on a county board of appointment.Pearce is to be distinguished from Nostrand, however, because the sheriff's membership on the board of appointment was made under a provision of the New York State Constitution since repealed (NY Const of 1894, Art 10, § 2). The Court in Pearce emphasized both the constitutional basis for the sheriff's membership on the board of appointment and the distinction between the functions of the two offices at issue:
 "It [membership on board of appointment] is not an office created in connection with his duties as sheriff, or no connection with the functions required of such officer. It rests solely upon the fact that by the Constitution he [the sheriff] becomes, by virtue of his office, a county authority, and upon such authority the Constitution imposes a burden which is distinct and independent of the particular duties which attach to the office of sheriff." (At 104, emphasis supplied.)
A city police chief serves in a public office (see Sullivan v Whitney,
25 N.Y.S.2d 762, 767 [Sup Ct, Westchester Co, 1941]). We conclude that a county sheriff may not serve as a city police chief.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.